**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:22-cr-00163-02

SIVARAMAN SAMBASIVAM,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Sivaraman Sambasivam's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part His Motion to Terminate Conditions of Pretrial Release* (Document 290), the *Government's Response to Defendant Sivaraman Sambasivam's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part His Motion to Terminate Conditions of Pretrial Release* (Document 291), and the *Order* (Document 289) filed by the Honorable Omar J. Aboulhosn, United States Magistrate Judge.   The Court has also reviewed *Defendant Sivaraman Sambasivam's Motion to Terminate Conditions of Pretrial Release* (Document 286), the *Government's Response in Opposition to Defendant Sivaraman Sambasivam's Motion to Terminate Conditions of Pretrial Release* (Document 287), and *Defendant Sivaraman Sambasivam's Reply in Support of His Motion to Terminate Conditions of Pretrial Release* (Document 288).

Mr. Sambasivam and his co-Defendant, David Gerald Minkkinen, were indicted on August 23, 2022.   A Superseding Indictment (Document 186) was returned on May 31, 2023.   Mr.

Sambasivam was charged with conspiracy to steal trade secrets, conspiracy to commit wire fraud, wire fraud, and making false statements. On June 26, 2023, the Court entered a *Memorandum Opinion and Order* (Document 278), dismissing all charges against Mr. Sambasivam. The United States has appealed, and the Court stayed the remaining case as to Mr. Minkkinen.

Mr. Sambasivam was released on bond at the outset of the prosecution against him. He urges the Court to relieve him of the bond conditions, arguing that, following the dismissal of all charges against him, there are no pending charges to support continued restrictions on his freedom. The United States contends that Mr. Sambasivam remains subject to the release conditions pending appeal pursuant to 18 U.S.C. §§ 3143(c) and 3142. It further argues that the Court should not address the Defendant's motion given the stay of proceedings and the Defendant's failure to first request modification of his bond conditions from the Probation office. Finally, the United States contends that the conditions imposed in the initial release order are reasonable and necessary to ensure Mr. Sambasivam's appearance.

Magistrate Judge Aboulhosn addressed the motion, concluding that "[w]hile the Government's appeal is pending, the only reasonable conditions at this time are that the Defendant shall not be given his passport back, that he not obtain a passport or other travel document, and that he continues to cooperate fully with the United States Probation Office." (Magistrate Order at 5.) He rejected the United States' argument that the Court could not alter bond conditions unless the Defendant first made a request through the Probation office. He noted Mr. Sambasivam's compliance with all release conditions, the length of the investigation and prosecution, and the flight risk associated with Mr. Sambasivam's family ties to India in

determining that all conditions except those related to travel and cooperation with Probation should be lifted.

Mr. Sambasivam objects, reiterating his argument that the Court lacks jurisdiction to place restrictions on his freedom when all charges against him have been dismissed.   He notes that an indefinite restriction on his right to travel prevents him from visiting his siblings, nieces, nephews, and elderly family members in India—a particularly consequential issue given that COVID-19 restrictions prevented visits in the years immediately prior to his indictment.   The United States reiterates that the statutes, read together, direct courts to consider release or detention pursuant to 18 U.S.C. § 3142.   It further argues that restrictions on travel are "standard fare for anyone released on bond," and "travel to foreign lands should continue to be curtailed while the government pursues its appeal."   (U.S. Resp. at 6, Document 291.)

18 U.S.C. § 3143(c) provides that "[t]he judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order."   Section 3142 establishes various factors for determining whether "a person charged with an offense" should be detained or released, and if released, upon what conditions.   18 U.S.C. § 3142(a).

Mr. Sambasivam relies on out-of-circuit district court cases reasoning that a defendant is not "charged with an offense" when all charges have been dismissed, unless and until the government's appeal is resolved in its favor.   *United States v. Sales*, No. 2:13-CR-00137-NT, 2014 WL 3728364, at *3 (D. Me. July 25, 2014); *USA v. Arteaga-Centeno*, 360 F. Supp. 3d 1022, 1024 (N.D. Cal. 2019); *United States v. Dunlap*, 3 F. Supp. 3d 772, 791 (C.D. Cal. 2014).   While

3

there is little precedent examining the issue, the Court finds the United States' reading of the statutory language more persuasive.  Section 3143(c) directs the Court to treat defendants in accordance with Section 3142 when the United States has appealed under Section 3731.  Section 3731 includes appeals of dismissals.  Section 3142 establishes the standards and factors for consideration in determining whether and under what conditions to release or detain a defendant. "[T]reat[ing] a defendant… in accordance with section 3142" logically requires evaluating the standards and conditions relating to release and detention.  Following the statutory guidance to refer to Section 3142, only to determine that it is entirely inapplicable, would essentially ask the Court to reject the guidance set forth in Section 3143.[1]  Therefore, the Court finds that Mr. Sambasivam's objections should be overruled to the extent he argues that the Court lacks legal authority to impose any conditions on him following dismissal of the charges against him.

Mr. Sambasivam also contests the imposition of restrictions on international travel, arguing that having family members in India does not support judging him to be a flight risk.  Section 3142(b) provides that "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond…unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."  Section 3142(c) provides for release on conditions, including restrictions on travel, "[i]f the judicial officer determines that the

---

1 Some of the decisions addressing this issue recognized a potential constitutional problem with detaining (or presumably otherwise restricting the freedom of) individuals who are not charged with an offense.  Mr. Sambasivam is not detained, somewhat lessening potential constitutional concerns, and there is little precedent addressing whether courts have the authority to detain or place conditions on the freedom of someone with dismissed charges subject to appeal.  Thus, the Court has simply interpreted the statutory language, while recognizing that the interpretation may raise questions about the constitutionality of the statute, if not in all cases, then as applied in some cases.  In addition to the base question of whether courts have authority to restrict the freedom of people without active charges, an appeal process could unreasonably extend the length of pretrial detention in some cases.

release described in subsection (b) of this section will not reasonably assure the appearance of the person as required…"[2]   The parties did not provide extensive factual or legal briefing regarding application of Section 3142(b), (c), and (g) in this case.   Accordingly, the Court finds that a hearing is necessary to assist the Court in reaching a de novo and independent determination of the proper conditions of release.

Wherefore, after careful consideration, the Court **ORDERS** that a bond hearing addressing the conditions of release as set forth herein be **SCHEDULED** for **August 17, 2023** at **1:30 p.m.** in **Charleston, West Virginia**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:      August 3, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

2 The Court notes that the United States emphasized in its response to the Defendant's objections that "neither the government nor Magistrate Judge Aboulhosn referred to the defendant as a 'flight risk,'" but that the United States had "simply pointed out…that the defendant's financial means and extensive family connections abroad are relevant to the §3142 factors."   (U.S. Resp. at 6.)

5