IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:22-cr-00163-02

SIVARAMAN SAMBASIVAM,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Sivaraman Sambasivam's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part His Motion to Terminate Conditions of Pretrial Release* (Document 290), the *Government's Response to Defendant Sivaraman Sambasivam's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part His Motion to Terminate Conditions of Pretrial Release* (Document 291), and the *Order* (Document 289) filed by the Honorable Omar J. Aboulhosn, United States Magistrate Judge. The Court has also reviewed *Defendant Sivaraman Sambasivam's Motion to Terminate Conditions of Pretrial Release* (Document 286), the *Government's Response in Opposition to Defendant Sivaraman Sambasivam's Motion to Terminate Conditions of Pretrial Release* (Document 287), and *Defendant Sivaraman Sambasivam's Reply in Support of His Motion to Terminate Conditions of Pretrial Release* (Document 288).

On August 3, 2023, the Court entered an order finding that 18 U.S.C. §§ 3143(c) and 3142 did not require termination of bond conditions following the dismissal, now on appeal, of all

charges against Mr. Sambasivam. The Court set a hearing for August 17, 2023, to permit the parties to address "application of Section 3142(b), (c), and (g) in this case" and "to assist the Court in reaching a de novo and independent determination of the proper conditions of release." (Mem. Op. at 5) (Document 293.) That opinion outlined the parties' arguments and the issues presented in more detail, and the Court incorporates them herein.

Mr. Sambasivam and his co-Defendant, David Gerald Minkkinen, were indicted on August 23, 2022. A Superseding Indictment (Document 186) was returned on May 31, 2023. Mr. Sambasivam was charged with conspiracy to steal trade secrets, conspiracy to commit wire fraud, wire fraud, and making false statements. On June 26, 2023, the Court entered a *Memorandum Opinion and Order* (Document 278), dismissing all charges against Mr. Sambasivam. The United States has appealed, and the Court stayed the remaining case as to Mr. Minkkinen.

During the August 17 bond hearing, counsel for Mr. Sambasivam argued that the United States had not shown that he was a danger to the community or a flight risk and urged his release on personal recognizance or an unsecured appearance bond pursuant to 18 U.S.C. § 3142(b). Mr. Sambasivam submitted a travel itinerary, detailing a proposed trip to India to visit family, burial sites of family members, temples, and other sacred sites.[1] He emphasized his family and community ties in Minnesota, where his wife and children live, go to school, and work. He noted that he has known about the investigation since well before charges were filed, has vigorously defended the charges, and would continue to do so if they were reinstated, and recognizes that failure to appear is a crime that could subject him to imprisonment.

---

1 The Court notes that the proposed travel, in October and November of this year, will likely be completed before any decision could be expected from the Fourth Circuit. Indeed, Mr. Sambasivam's counsel indicated that the United States had represented that it would request a 45-day extension of the current August 25, 2023 deadline for filing an opening brief with the Fourth Circuit.

The United States argued that two conditions remain appropriate: a condition that he not leave the country, and a condition that he not contact victims or witnesses. It emphasized that these are designated as standard conditions in this district. It argued that the charges are serious, noting related civil lawsuits and describing some of the evidence it would present should the dismissed charges reach trial.[2] It cited Mr. Sambasivam's ties to India and financial means as a basis for maintaining the travel restriction, although it did not suggest that it considers him a flight risk. Only the risk of nonappearance is at issue here. The United States does not contend that Mr. Sambasivam poses a threat to any person or the community.

18 U.S.C. 3145(a) governs review of a release order, and mandates "[i]f a person is ordered released by a magistrate judge" then said individual "may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. 3145(a)(2). In its analysis, "… the reviewing court makes an independent determination as to whether the release order was correct based on the court's review of the evidence considered." *United States v. Taylor*, 2014 WL 7187842 *4, (S.D.W.Va.2014) (Copenhaver, J.) (reference omitted). Factors that courts consider when determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person are found in 18 U.S.C § 3142(g) and include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release.

---

[2] It is not clear to the Court how the apparent availability of a civil remedy through ongoing civil litigation serves to demonstrate the seriousness of the alleged criminal offense.

Section 3142(b) provides that "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond…unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Section 3142(c) provides for release on conditions, including restrictions on travel, "[i]f the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required…" There is little case law addressing appropriate conditions of release or whether conditions should be imposed at all pursuant to Section 3142(b), with most litigation related to Section 3142 centering on whether a defendant should be detained. The statutory language, however, is clear. Unless the Court determines that release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person or will endanger the safety of any other person or the community, the Court "shall" order such release. Evaluation of potential conditions pursuant to Section 3142(c) takes place only after "the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

The adoption of "standard" conditions in this district cannot help the United States. As the Fourth Circuit has repeatedly reminded district courts in the context of conditions of supervised release, the duty to explain the reasons for imposing conditions not required by statute "cannot be satisfied or circumvented through the adoption of a standing order purporting to impose special conditions of supervised release across broad categories of cases or defendants." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020); *United States v. Boyd*, 5 F.4th 550, 560 (4th Cir.

4

2021) (explaining that "the question is whether the specifics of a defendant's case justify a condition's *inclusion*, rather than its exclusion"); *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020) (outlining the distinction between mandatory and discretionary conditions in 18 U.S.C. § 3583(d) and explaining that discretionary conditions may be imposed "only after an individualized assessment indicates that they are justified in light of the statutory factors"). While bond conditions and supervised release conditions are governed under different statutes, § 3142 is *more* restrictive, permitting imposition of only "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B) (also setting forth the mandatory bond conditions that the person "not commit a Federal, State, or local crime during the period of release" and "cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000").

In short, to continue to impose conditions of release, the Court must find that release on personal recognizance or an unsecured appearance bond will not reasonably assure Mr. Sambasivam's appearance, in the event the Fourth Circuit reinstates some or all of the charges filed against him. The Court has reviewed the pretrial services report originally prepared in this matter, the Magistrate Judge's previous orders, and the evidence presented therein, and finds no basis to doubt that Mr. Sambasivam will appear if required. Simply having family in another country and wishing to see them and visit religious sites, as he has done regularly during the twenty to thirty years he has lived in the United States, is not sufficient, on its own, to find that he poses a risk of nonappearance. He has been fully compliant with all bond conditions. He has no

criminal history. Mr. Sambasivam has had the freedom to travel throughout the continental United States through the pendency of his case and had the freedom and means to travel internationally until the indictment was returned. Although he was aware of the investigation, he did not flee in the years before his indictment. The status of the case at this stage is more akin to the pre-indictment stage: he is aware that he could become subject to charges in the future, but currently has no pending charges. That status of the case also weighs against restrictions. Whatever incentive to flee may exist when charges are pending is greatly reduced when those charges have been dismissed and the risk is only that they could be reinstated on appeal. *United States v. Sales*, No. 2:13-CR-00137-NT, 2014 WL 3728364, at *5 (D. Me. July 25, 2014) (noting the change in a Section 3142(g) analysis when charges have been dismissed). As Mr. Sambasivam's counsel pointed out, failure to appear could result in a new charge and potential incarceration,[3] while the dismissed charges do not currently pose such a threat.

No evidence before the Court supports a finding that release on an appearance bond will not reasonably assure the appearance of Mr. Sambasivam. Thus, the Court does not move beyond the clear language of 18 U.S.C. §3142(b).

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Sivaraman Sambasivam's Objections to the Magistrate Judge's Order Granting in Part and Denying in Part His Motion to Terminate Conditions of Pretrial Release* (Document 290) be **SUSTAINED** in part, as set forth herein, and that *Defendant Sivaraman Sambasivam's Motion to Terminate Conditions of Pretrial Release* (Document 286) be **GRANTED** in part, as set forth

---

3 The Court notes that the other condition proposed by the United States, prohibiting direct communication with victims and witnesses, similarly has an existing criminal law counterpart. Obstruction of justice and witness tampering are crimes that could be separately charged.

herein. The Court further **ORDERS** that Mr. Sambasivam be **RELEASED** on the Appearance Bond previously signed (Document 24), with no bond conditions except those set forth in 18 U.S.C. §3142(b). The Court specifically **ORDERS** that the Defendant's agreement in the Appearance Bond (Document) 24 "to comply with all conditions set forth in the Order Setting Conditions of Release" be set aside. Finally, the Court **ORDERS** that Mr. Sambasivam's passport be returned to him and that any administrative restrictions on his ability to travel be terminated.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 21, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA