```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                   CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 2:22-CR-00163

**DAVID GERALD MINKKINEN and**
**SIVARAMAN SAMBASIVAM**

### GOVERNMENT'S MOTION TO RECONSIDER RECUSAL ORDER

Comes now the United States of America, by its undersigned counsel, and respectfully requests the Court to reconsider and vacate its prior Order (ECF No. 175), recusing Special Assistant United States Attorney Andrew Cogar from participating in this case.

## I. BACKGROUND

On May 31, 2023, a federal Grand Jury, sitting in Charleston, West Virginia, returned a Superseding Indictment charging the defendants with felony counts relating to conspiracy to steal and possess trade secrets, conspiracy to commit wire fraud, wire fraud, and making false statements. ECF No. 186.[1]

The government's former lead counsel was Assistant United States Attorney Andrew Cogar of the Northern District of West Virginia, duly appointed to the position of Special Assistant

---

[1] The original Indictment was filed on August 23, 2022. ECF No. 1.

United States Attorney for the purpose of prosecuting this case. SAUSA Cogar spent approximately six years managing the investigation of the government's case and presented the case to the Grand Jury on August 23, 2022.

On April 27, 2023, the defendants jointly filed a motion seeking to recuse SAUSA Cogar from the case. ECF No. 146. The defendants argued that because SAUSA Cogar remained subject to the general supervision of the United States Attorney for the Northern District of West Virginia, William Ihlenfeld, his continued participation in the case would be improper, as Mr. Ihlenfeld, himself, had a conflict of interest regarding this case. Specifically, the defendants argued:

> AUSA Cogar . . . remains employed by the Northern District of West Virginia and subject to Mr. Ihlenfeld's supervision on all other matters, including ongoing criminal cases and employment related issues. . . . Mr. Ihlenfeld, as the United States Attorney, has the power to terminate AUSA Cogar's employment, appoint AUSA Cogar to leadership positions, transfer AUSA Cogar to different locations and departments of the United States Attorney's Office, recommend AUSA Cogar for Department of Justice awards and commendations, and otherwise exercise significant authority over AUSA Cogar's career.

ECF No. 146 at 6.

On May 22, 2023, the Court granted the defendants' recusal motion as to SAUSA Cogar. ECF No. 175. The Court ruled, "Permitting an attorney employed by the United States Attorney's Office for

the Northern District of West Virginia to remain as prosecutor in a case where the United States Attorney for the Northern District is a potential exculpatory witness creates a conflict of interest and could risk a mistrial." ECF No. 175 at 11. The Court went on to state, "Given his role of seeking justice, Mr. Cogar's ability to fairly evaluate evidence from his boss could reasonably be questioned." Id. at 11.

Subsequent to the Court's ruling on the defendants' recusal motion, the Court dismissed ten counts contained in the Superseding Indictment. ECF No. 278. The government appealed the dismissal of the charges (ECF No. 282), and the Court stayed the case pending resolution of the appeal. ECF No. 284. As of this writing, the United States Court of Appeals for the Fourth Circuit has not rendered a decision.[2]

On the morning of January 20, 2025, William Ihlenfeld resigned from his position as United States Attorney for the Northern District of West Virginia.[3]

## II. DISCUSSION

Mr. Ihlenfeld's departure from the Office of the United States

---

[2] Oral argument was held before the Fourth Circuit on May 10, 2024. Case No. 23-4443.

[3] "Ihlenfeld steps down as U.S. Attorney for Northern West Virginia" - https://wvmetronews.com/2025/01/20/ihlenfeld-steps-down-as-u-s-attorney-for-northern-west-virginia/ (last visited March 11, 2025).

Attorney for the Northern District of West Virginia has obviated any actual, potential, apparent, or perceived conflict of interest that could have been attributed to the Northern District of West Virginia or to SAUSA Cogar. More specifically, Mr. Ihlenfeld no longer "has the power to terminate AUSA Cogar's employment, appoint AUSA Cogar to leadership positions, transfer AUSA Cogar to different locations and departments of the United States Attorney's Office, recommend AUSA Cogar for Department of Justice awards and commendations, and otherwise exercise significant authority over AUSA Cogar's career." ECF No. 146 at 6. Based on these changed circumstances, the Court should reconsider and vacate its prior order recusing SAUSA Cogar.

The ability of the United States to choose who will serve as its prosecutors on a particular case is an Executive branch function, and "absent a violation of . . . the Constitution, a [federal] statute, or a procedural rule, [the Judicial branch does] not dictate to the Executive branch who will serve as its prosecutors. Put differently, [the Judicial branch does] not stamp a 'chancellor's foot veto over activities of coequal branches of government' unless compelled by the law to do so." United States v. Williams, 68 F.4th 564, 571-72 (9th Cir. 2023) (cleaned up). As the circumstances that prompted defendant's motion and previously compelled this Court to recuse SAUSA Cogar are no longer present,

4

there is no basis under the law for the judiciary to be involved in the government's selection of its prosecutors on the case.

## III. CONCLUSION

For the reasons stated herein, the government respectfully requests that the Court reconsider and vacate its previous recusal Order (ECF No. 175) as to Special Assistant United States Attorney Andrew Cogar based upon changed circumstances which have removed any perceived barriers regarding his participation in this case.

    Respectfully submitted,

    LISA G. JOHNSTON
    Acting United States Attorney

By:
    s/ Candina S. Heath
    CANDINA S. HEATH
    Senior Counsel
    United States Department of Justice
    Computer Crime and Intellectual Property Section
    Texas State Bar No. 09347450
    1301 New York NW
    Washington, DC 20530
    Telephone: 202-514-1026
    Fax: 202-305-1744
    Email: Candina.Heath2@usdoj.gov

    s/ Jonathan T. Storage
    JONATHAN T. STORAGE
    Assistant United States Attorney
    WV State Bar No. 12279
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200

```
                              Fax: 304-347-5104
                              E-mail: Jonathan.Storage@usdoj.gov
```

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "GOVERNMENT'S MOTION TO RECONSIDER RECUSAL ORDER" has been electronically filed and service has been made on opposing counsel by virtue of electronic mail this the 19th day of March, 2025, to:

```
          Michael E. Nogay, Esq.
          SELLITTI NOGAY & NOGAY
          P.O. Box 3095
          Weirton, WV 26062
          Email: Mike@NogayLaw.com


          Stephen S. Stallings. Esq.
          LAW OFFICES OF STEPHEN S. STALLINGS
          310 Grant Street, Suite 3600
          Pittsburgh, PA 15219
          Email: attorney@stevestallingslaw.com



                              s/Jonathan T. Storage
                              JONATHAN T. STORAGE
                              Assistant United States Attorney
                              WV State Bar No. 12279
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone: 304-345-2200
                              Fax: 304-347-5104
                              E-mail: Jonathan.Storage@usdoj.gov
```