```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                             CRIMINAL NO. 2:22-CR-00163

**DAVID GERALD MINKKINEN and**
**SIVARAMAN SAMBASIVAM**

### GOVERNMENT'S REPLY TO THE DEFENDANT'S RESPONSE TO MOTION TO RECONSIDER RECUSAL ORDER

Comes now the United States of America, by its undersigned counsel, and respectfully submits its reply to the defendant's response (ECF No. 318) to the government's motion (ECF No. 318) to reconsider and vacate its previous Order (ECF No. 175) recusing Special Assistant United States Attorney Andrew Cogar from participating in this case.

**I.   THE DISTRICT COURT IS NOT DIVESTED OF ITS JURISDICTION OVER THE REMAINING COUNTS AS TO DEFENDANT MINKKINEN**

Notwithstanding the pending appeal, four felony counts remain pending with this Court as to defendant Minkkinen. ECF No. 278 at 27 (denying the defendants' motion to dismiss as to Counts 7, 8, 11, and 12 contained within the Superseding Indictment). None of the four remaining counts are a part of the pending appeal, and neither is the Court's recusal Order as to SAUSA Cogar. "The filing of a notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the court of appeals and divests the

district court of its control <u>over those aspects of the case involved in the appeal</u>." <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982) (emphasis added); see also <u>Coinbase, Inc. v. Bielski</u>, 599 U.S. 736, 741 n.2 (2023) (noting that the appellant conceded that the district court may still proceed with matters that are not involved in the appeal); see also <u>Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Nat. Res.</u>, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, <u>except on remedial matters unrelated to the merits of the appeal</u>." (emphasis added)).

Accordingly, nothing prevents this Court from exercising jurisdiction over this case as to the pending four charges applicable to defendant Minkkinen; that much is made clear by <u>Griggs</u> because those charges are not a part of the pending appeal before the Fourth Circuit. Moreover, SAUSA Cogar's recusal from the case, or the reasons for his recusal, played absolutely no part in the Court's written Order dismissing ten of the fourteen counts within the Superseding Indictment. <u>See</u> ECF No. 278. The appeal now pending before the Fourth Circuit is about dismissed charges, not a prosecutor's recusal.

The Court, on its own motion, stayed any trial proceedings as to the remaining four counts against defendant Minkkinen, and the

2

basis for the issued stay was not jurisdictional. ECF No. 284 at 1 ("The evidence regarding the remaining counts is likely to overlap substantially with that related to the dismissed counts. Accordingly, following careful consideration, the Court ORDERS that the July 10, 2023 trial date be VACATED and that this matter be STAYED pending resolution of the appeal."). Thus, the Court, if it chose to, could enter an order at any time reinvigorating this case as to the four remaining counts. As the Court recognized in its own Order, jurisdiction over some of the charges contained in the Superseding Indictment remains with it.

## II.   THE GOVERNMENT'S MOTION SEEKS NON-SUBSTANTIVE RELIEF OF THE VARIETY THE UNITED STATES SUPREME COURT PERMITS

The government's motion seeks an order from the Court on a purely non-substantive matter. As noted above, the Court retains authority to address ancillary or remedial issues in the case, so long as the Court's decisions do not interfere with the pending appeal. Griggs, 459 U.S. at 58; see also Coinbase, 599 U.S. at 741 n.2. In its motion, the government requests only that, following changed circumstances, it be permitted to use an attorney of its own choosing, which is a completely ancillary, but significant,[1] matter. Given that the underlying reasons for

---

[1] United States v. Bolden, 353 F.3d 870, 878-79 (10th Cir. 2003) ("The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary. . . . [D]isqualifying government attorneys implicates separation of powers issues.")

3

the Court's Order recusing SAUSA Cogar have been mooted by the departure of former United States Attorney Ihlenfeld, the Court should vacate the Order.

The defendant's argument that the Court should summarily deny or simply ignore the government's motion because of the Court's imposed stay rings hollow. The defendant has twice filed motions with the Court seeking permission to engage in leisure travel outside of the United States after the stay was entered. See ECF Nos. 303 & 312. Of note, the government raised the same argument as defendant Minkkinen when it responded to his first motion to travel. ECF No. 305 at 6 ("The Court should deny Mr. Minkkinen's motion because all further proceedings have been stayed pending the resolution of appeal."). Nonetheless, the Court entertained the defendant's motion, heard argument, and granted the motion. See ECF Nos. 304, 307, and 309.[2]

The defendant should not now be heard invoking the imposed stay, as he has previously availed himself of the Court's jurisdiction to consider ancillary and remedial matters not within the scope of the appeal, notwithstanding the imposed stay. The

---

[2] Following consideration of the defendant's second motion to travel, the Court took the additional, unrequested step of removing "all remaining additional terms and conditions placed upon this Defendant as set forth in the Order Setting Conditions of Release." ECF No. 316 at 2.

4

government should receive like treatment from this Court when it comes to requesting the use of one of its own prosecutors.

### III. THE GOVERNMENT HAS NOT WAIVED ANY ARGUMENTS WITH RESPECT TO THE RECUSAL ORDER

The government has not waived any right it has to request this Court to reconsider its prior orders, and the defendant cites to no law supporting his position. The fact that the government chose to abandon its appeal (ECF No. 203) of the recusal Order after the Court denied its motion to stay the case pending that appeal (ECF No. 231) does not prevent the government from asking the Court to revisit the matter following changed circumstances.

A district court "may entertain a motion for reconsideration before the entry of judgment in a criminal case." United States v. Wilder, No. 4:22-CR-00433-RBH, 2023 WL 8242211, at *1 (D.S.C. Nov. 28, 2023), aff'd, No. 24-4219, 2024 WL 5244550 (4th Cir. Dec. 30, 2024) (citing United States v. Breit, 754 F.2d 526, 530 (4th Cir. 1985)). While the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration, the Fourth Circuit recognizes the use of such motions in the criminal context. See Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). Because no final judgment has been entered in this case, the government may seek reconsideration of the Court's prior adverse rulings.

## IV. ANY APPEARANCE OF A CONFLICT WAS IMMEDIATELY UNDONE WHEN THE FORMER UNITED STATES ATTORNEY RESIGNED HIS POSITION

Any actual or perceived conflict or "appearance of impropriety" that may have existed during Mr. Ihlenfeld's employment as United States Attorney for the Northern District of West Virginia vanished with Mr. Ihlenfeld's departure from his post. In his response, the defendant states, "Mr. Ihlenfeld's resignation cannot undo that broader appearance of impropriety that impacted the Office of the United States Attorney for the Northern District of West Virginia, an office of which AUSA Cogar remains a part." ECF No. 318 at 4. Such a position does not make sense, and the defendant offers no rationale for how there remains a conflict or appearance of impropriety as to SAUSA Cogar.

Taking the defendant's argument at face value, the consequences of such a determination would mean that the entire United States Attorney's Office for the Northern District of West Virginia would remain completely barred from handling any case going forward in which Mr. Ihlenfeld may make an appearance. As the Court is aware, United States Attorneys come and go, and former United States Attorneys move on to apply their trade representing clients in federal courts in their home districts, often appearing opposite a federal prosecutor with whom they once worked. The Department of Justice does not recognize any office-wide conflict

6

of interest or recusal requirement with a former United States Attorney simply because he/she departed any given office, and it would be inappropriate for federal courts to make such a drastic finding of recusal.

Because Mr. Ihlenfeld is no longer SAUSA Cogar's supervisor, no actual or perceived conflict or appearance of impropriety exists. The government respectfully requests that the Court find that the conflict, if any, has been removed.

**V.    THE GOVERNMENT TIMELY SOUGHT RELIEF FROM THE RECUSAL ORDER**

The government timely filed the motion for reconsideration, and the defendant has not offered any argument as to how the Court's consideration of the motion would prejudice him procedurally. Mr. Ihlenfeld resigned from his post on January 20, 2025, and the motion for reconsideration was filed on March 19, 2025, approximately two months following the changed circumstances. During the intervening time, no substantive case activity took place.

In his response, the defendant cites to a case from the District of Maryland to support his claim that the government's motion is untimely, but the case is wholly inapposite. See ECF No. 318 at 4 (citing to Bartch v. Barch, 2024 U.S. Dist. LEXIS 228325 (D.Md. December 17, 2024)). First, Bartch is a civil case. But more importantly, the reason the court in Bartch ruled that the

7

reconsideration motion was untimely was because a local rule of the court required reconsideration motions to be filed within fourteen days. Bartch, 2024 U.S. Dist. LEXIS 228325 at *3-4 ("Local Rule 105.10 permits a party to move to reconsider an order of the Court within fourteen days. . . . [T]he motion for reconsideration is untimely, as it was filed nearly a month after the entry of the Court's decision on this matter."). This Court has no such local rule with respect to when a reconsideration motion may be brought in a criminal case. The defendant's argument regarding the timeliness of the government's motion is misplaced. No timeline or deadline is applicable to reconsideration motions, absent the Court ordering otherwise or entering judgment.

The government's motion timely sought reconsideration of the recusal Order, and the defendant has not shown how he has been prejudiced by the timing of its filing.

## VI.   CONCLUSION

For the reasons stated herein, and for the reasons more specifically discussed in its motion (ECF No. 317), the government respectfully requests that the Court reconsider and vacate its prior Order (ECF No. 175) recusing SAUSA Cogar from this case.

8

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:
s/ Candina S. Heath
CANDINA S. HEATH
Senior Counsel
United States Department of Justice
Computer Crime and Intellectual Property Section
Texas State Bar No. 09347450
1301 New York NW
Washington, DC 20530
Telephone: 202-514-1026
Fax: 202-305-1744
Email: Candina.Heath2@usdoj.gov


s/ Jonathan T. Storage
JONATHAN T. STORAGE
Assistant United States Attorney
WV State Bar No. 12279
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jonathan.Storage@usdoj.gov

9

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "GOVERNMENT'S REPLY TO THE DEFENDANT'S RESPONSE TO MOTION TO RECONSIDER RECUSAL ORDER" has been electronically filed and service has been made on opposing counsel by virtue of electronic mail this the 1st day of April, 2025, to:

>Michael E. Nogay, Esq.
>SELLITTI NOGAY & NOGAY
>P.O. Box 3095
>Weirton, WV 26062
>Email: Mike@NogayLaw.com

>Stephen S. Stallings. Esq.
>LAW OFFICES OF STEPHEN S. STALLINGS
>310 Grant Street, Suite 3600
>Pittsburgh, PA 15219
>Email: attorney@stevestallingslaw.com

>Susan M. Robinson, Esq.
>THOMAS COMBS & SPANN
>P.O. Box 3824
>Charleston, WV 25338
>Email: srobinson@tcspllc.com

>>s/Jonathan T. Storage
>>JONATHAN T. STORAGE
>>Assistant United States Attorney
>>WV State Bar No. 12279
>>300 Virginia Street, East
>>Room 4000
>>Charleston, WV 25301
>>Telephone: 304-345-2200
>>Fax: 304-347-5104
>>E-mail: Jonathan.Storage@usdoj.gov